# United States District Court
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| JIMMY RAY VALENTINE | Case Number: 1:99-CR-1-02 |
| | Michael T. Maddaloni |
| | Defendant's Attorney |

THE DEFENDANT was found guilty on Count One after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 21:846 and 841(a)(1) | January 12, 1999 | One |

Nature of Offense:
Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, Cocaine Base, and Marijuana

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: May 18, 2000

DATED: 5.24.00

HON. RICHARD ALAN ENSLEN
CHIEF JUDGE

Certified as a True Copy
Ronald C. Weston, Sr., Clerk
By_____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 5-24-00

343

Judgment--Page 2 of 5
Defendant: JIMMY RAY VALENTINE
Case Number: 1:99-CR-1-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED NINETY-TWO (292) MONTHS**.

It is recommended that the defendant participate in the Inmate Financial Responsibility Program to provide for his dependent children. The defendant shall not be deprived of prison employment or UNICOR employment or educational opportunities because the defendant is paying child support in lieu of paying the fine and other financial obligations.

Friend of the Court           **Docket No. : 99-82106-DP-M**
2nd Circuit Court
811 Port Street
St. Joseph, MI 49085

## RETURN

I have executed this judgment as follows:

_____
_____

_____ Defendant delivered on _____ to _____
_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy Marshal

Judgment--Page 3 of 5
Defendant: JIMMY RAY VALENTINE
Case Number: 1:99-CR-1-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation department in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions of supervision, and shall comply with the following additional conditions:

The defendant shall not illegally possess a controlled substance and shall refrain from the unlawful use of controlled substances.

The defendant shall not possess a firearm, destructive device or other dangerous weapon.

The defendant shall submit to one drug test within fifteen (15) days of release on supervised release and at least two periodic drug tests thereafter within sixty (60) days or as otherwise directed by the Court.

The defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

The defendant shall notify the Probation Officer at least fifteen (15) days prior to any change in residence in accordance with the Violent Crime Control and Law Enforcement Act of 1994.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 15 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page 4 of 5
Defendant: JIMMY RAY VALENTINE
Case Number: 1:99-CR-1-02

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth below.

|        | Assessment | Fine       | Restitution |
|--------|------------|------------|-------------|
| Totals:| $100.00    | $5,000.00  | $0.00       |

### SPECIAL ASSESSMENT

The defendant shall pay to the United States a special assessment of $100.00.

### CHILD SUPPORT OBLIGATION

Prior to the payment of the fine, the defendant shall pay past due child support, as well as any other child support obligations due or accruing while the defendant is incarcerated or is on supervised release.

After payment of the special assessment, the obligation to pay child support shall take precedence to all other financial obligations imposed by this judgment, and should the defendant participate in the Inmate Financial Responsibility Program, the defendant's child support obligations shall be paid prior to the payment of other obligations which are part of that Program.

The defendant shall not be deprived of prison employment or UNICOR employment or educational opportunities because the defendant is paying child support in lieu of paying the fine and other financial obligations.

Friend of the Court          Docket No. : 99-82106-DP-M
2nd Circuit Court
811 Port Street
St. Joseph, MI 49085

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $5,000.00.

### FORFEITURE

The defendant shall forfeit to the United States of America the defendant's interest in United States Currency as set forth in this Court's May 17, 2000 Final Order of Forfeiture.

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) child support obligation; (3) restitution; (4) fine principal; (5) cost of prosecution; (6) interest; (7) penalties.

Payment of the criminal monetary penalties shall be due in full immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer or the United States attorney.