UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JIMMY RAY VALENTINE,

  Defendant.

_____/

CASE NO. 1:99-CR-01-02

HON. ROBERT J. JONKER

# ORDER

Defendant began a five-year term of supervision on July 11, 2019. It is scheduled to last through July 10, 2024. The matter before the Court is on a request from defendant for early termination of supervision. (ECF No. 1069). While the Court is pleased to hear of Mr. Valentine's continued progress, the Court believe that early termination of supervised release is inappropriate in this case.

The Court may terminate supervised release under 18 U.S.C. § 3583(e)(1) "at anytime after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." It is the supervisee's burden to establish that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). In exercising its discretion, the Court is guided by most of the original Section 3553 factors. 18 U.S.C. § 3583(e) (identifying all Section 3553 factors except the Sections 3553(a)(2)(A) and (a)(3)). In addition, the Court has "latitude to consider a broad range of factors in addition to an individual's behavior. . . ." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). The Court also finds it prudent to review and evaluate the considerations of Section 360.20 Volume 8,

Part E of the Guide to Judiciary Policy, which governs Probation's consideration of early release requests. Generally unblemished post-incarceration conduct will not, standing alone, constitute a sufficient justification for early termination of supervised release. *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)

The Court commends Mr. Valentine for all of his progress to date on supervision. But the Court is not persuaded that Mr. Valentine has met the high bar for early termination of all supervision. Based on the nature of Mr. Valentine's conviction and all other Section 3553 factors, the Court originally concluded that the statutory minimum of 5 years supervision was appropriate. The Court reaffirmed that judgment when it reduced the custodial portion of defendant's sentence under the First Step Act. A statutory minimum term of supervision does not automatically preclude early termination, but as the case law demonstrates, more than simply doing well on supervision is needed to warrant an early termination. We have just cleared the first year of supervision after completion of a lengthy term of custody. More time is needed to ensure that the new law-abiding habits can take root and flurish.

Accordingly, the Court **DENIES** the request for early termination.

Dated:     August 17, 2020                /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE