UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              CASE NO. 1:99-cr-01

JIMMY RAY VALENTINE,            HON. ROBERT J. JONKER

    Defendant.
_____/

## ORDER

Defendant was sentenced on May 24, 2000, to a term of custody of 292 months following his conviction for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Cocaine Base and Marijuana.  The sentence was reduced to 235 months on March 2, 2011. He is currently serving a five-year term of supervised release, which is set to expire on July 10, 2024.  He has satisfied all other terms of his sentence, including payment of his financial obligations. He moves for early termination based on his progress to date (ECF No. 1084).  This is his second request.

The Court may terminate supervised release under 18 U.S.C. § 3583(e)(1) "at anytime after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  It is the supervisee's burden to establish that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006).  In exercising its discretion, the Court is guided by most of the original Section 3553 factors.  18 U.S.C. § 3583(e) (identifying all Section 3553 factors except the Sections 3553(a)(2)(A) and (a)(3)).  In addition, the Court has "latitude to consider a broad range of factors in addition to an individual's behavior. . . ." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).  The

Court also finds it prudent to review and evaluate the considerations of Section 360.20 Volume 8, Part E of the Guide to Judiciary Policy, which governs Probation's consideration of early release requests.  Generally unblemished post-incarceration conduct will not, standing alone, constitute a sufficient justification for early termination of supervised release.  *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

This is the unusual case in which Defendant has met the standard for early termination. Both the supervising Probation Officer and the government leave the decision as to early termination to the discretion of the Court.  Defendant has been on the Probation Department's administrative caseload since May 21, 2020.  He has not incurred any instances of noncompliance during supervision.  He does not have a history of violent offenses, any recent arrests or convictions, recent drug or alcohol abuse, or mental health concerns.  He has maintained a stable residence, and has been employed at the same job since July 2019.  It has been twenty years since the original sentence.

After considering all the facts and circumstances, and after evaluating the factors specified in Section 380.10 of Chapter 8 to the Guide to Judiciary Policy, the Court believes the best thing for Defendant and the public is to **GRANT** Defendant's request for early termination of supervision. Defendant's term of supervision is terminated, and he is released from supervision effective as of the date of this Order.

**IT IS SO ORDERED**.

Date:   December 21, 2021                                    /s/ Robert J. Jonker
                                                             ROBERT J. JONKER
                                                             CHIEF UNITED STATES DISTRICT JUDGE